UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8129 FMO (BFMx) | Date | July 10, 2026 |
|---|---|---|---|
| Title | Robert Rodriguez, et al. v. Enterprise Rent-A-Car Company of Los Angeles LLC, et al. | | |

Present: The Honorable   Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order Re: Order to Show Cause Re: Dismissal for Lack of Prosecution**

On June 25, 2026, the court ordered defendants to file their Answer to the Second Amended Complaint ("SAC") or a motion pursuant to Fed. R. Civ. P. 12 no later than July 6, 2026. (Dkt. 52, Court's Order of June 25, 2026). As of the date of this Order, defendant Enterprise Rent-A-Car Company of Los Angeles LLC ("Enterprise") has not filed an answer or otherwise responded to the SAC. (See, generally, Dkt.). Nor has any application for default judgment against Enterprise been filed. (See, generally, id.). Accordingly, IT IS ORDERED THAT:

1. Plaintiffs shall file an application for entry of default under Fed. R. Civ. P. 55(a) against defendant Enterprise no later than **July 17, 2026**.

2. Plaintiffs shall file and serve a motion for default judgment no later than **seven (7) days** after the Clerk has entered default against any defendant in the case, and notice it for hearing pursuant to the Local Rules. The motion shall include all types of relief plaintiffs seek, i.e., damages, injunctive relief, and attorney's fees. Failure to include a request for a particular type of relief shall result in the denial of the relief omitted from the moving papers. At a minimum, plaintiffs' motion shall address: (a) procedural history of the action, (b) the requirements set forth in Local Rule 55-1; (c) the default judgment factors set forth in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986); (d) the legal authority that sets out the elements of the causes of action upon which plaintiff seeks default judgment;[1] and (e) the legal and factual basis – with specific citations to statutes and case law – for their damages calculations and attorney's fees claims. The damages calculations must be supported by detailed, clear, and thorough calculations, and cite to the underlying admissible evidence, such as contracts, spreadsheets, and declarations. Plaintiffs' motion must include the calculations within the text of the memorandum of points and authorities and, if appropriate, include a separate table or chart entitled, "Calculations Summary."

---

[1] Plaintiffs should consider the number of claims upon which they seek default judgment. To the extent the relief plaintiffs seek can be obtained under one claim, it is not necessary – and may only delay – to seek default judgment as to the other claims in the operative complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-8129 FMO (BFMx) | Date | July 10, 2026 |
|---|---|---|---|
| Title | Robert Rodriguez, et al. v. Enterprise Rent-A-Car Company of Los Angeles LLC, et al. | | |

      3.  Plaintiffs are advised that failure to seek an entry of default and/or file the motion for default judgment by the deadlines set forth above, or comply with the requirements set forth in this Order and/or to provide sufficient information for the court to make a determination as to any issue or damages calculation, may result in the motion being denied and/or the action against defendant Enterprise being dismissed for failure to prosecute and/or to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

00   :   00

Initials of Preparer    vdr
